Febeiger v. Craighead.

and received, at all events, as the measure of damages, the plaintiff may waive the penalty of the agreement, and proceed for damages according to the actual injury. (4 Burr. 2228; 2 Atk. 371; 1 H. Black. 232; 1 W Black. 395, 373; 2 Atk. 190.)

*Lewis* and *Rawle*, for the defendant, insisted, that the contract ought not to be enforced, beyond the meaning and understanding of the parties; which was obviously to fix a sum, as the extent of the defendant's responsibility, in case of a non-compliance *with his engagement. (16 Vin. Abr. 301, "Penalty," pl. 3, 5, 10.) [*150

By THE COURT.—The substance of the agreement between the parties was, to buy and sell stock. The penalty was merely superadded as a security for performance; and not as a sum to be paid and received absolutely, in lieu of performance. The plaintiff is entitled (notwithstanding the penalty) to recover damages, commensurate with the injury suffered by a non-performance. The judgment must, therefore, be rendered in his favor, for the full amount of the verdict.

---

## *MARCH TERM, 1796.            [*151

---

### FEBEIGER'S Lessee *v.* CRAIGHEAD. (*a*)

### *Sheriff's sale.*

A sheriff's sale of land, by virtue of a judgment and execution, subsequent to a mortgage to the trustees of the loan-office, does not destroy its lien.

AT a court of *Nisi Prius*, held at Carlisle, a case was stated for the opinion of the court, containing these facts: A tract of land, in Cumberland county, was mortgaged by John Glenn to the trustees of the loan-office (whose rights, powers and duties, have been transferred by law to the plaintiff, as state treasurer), and the land was afterward levied upon, and sold at a sheriff's sale, to the defendant, by virtue of a subsequent judgment and execution. The question is, whether the mortgage remains a lien upon the land, against the purchaser at sheriff's sale?(*b*)

---

(*a*) s. c. 2 Yeates 42; and for C. J. SHIPPEN's notes of this case, see 3 Rawle 117, note *a*.[1]

(*b*) Whatever may have been the effect of a judicial sale on other interests, both the policy and the practice of the legislature have been, to hold the lien of a mortgage to the state undischarged, by anything but actual payment into the treasury, and such mortgage is not divested by a judicial sale, on any other lien of the land mortgaged, nor is it to be paid out of the purchase-money raised by such sale. Duncan *v.* Reiff, 3 P. & W. 368. In the report of the case of Febeiger's Lessee *v.* Craighead, by Yeates, a *quære* is made, as to the effect, upon a prior mortgage to an individual, of a sale under an execution issued by virtue of a judgment subsequent to the mortgage. In the case of Moliere's Lessee *v.* Noe, 4 Dall. 450, which was a sale by order of an orphans' court, this point was suggested, and the judges expressed their opinion, in concurrence with that of the counsel on both sides, that a mortgage retains its lien on the premises, not-

[1] Said to be imperfectly reported, in 3 Rawle 137.

By the Court.—The case admits of no doubt. Judgment must be entered for the plaintiff.

*Ingersoll,* attorney-general, for the plaintiff. *Lewis,* for the defendant.

———

## BANK OF NORTH AMERICA v. WYCOFF. (a)
### Notice of non-payment.—Witness.

The indorser of a promissory note must receive notice, within a reasonable time, of the non-payment of the note by the maker.

An executor, who is entitled to a share in the residuum of his testator's estate, which is interested in the suit, is not a competent witness to prove such notice, although the objection appear on his cross-examination.

CASE, by the indorsee against the payee and indorser of a promissory note, made by Joseph Harrison.

The question was, whether the defendant had received notice within a reasonable time, of the non-payment of the note by the maker? Jacob Lawerswyler, the runner of the bank, was called as a witness, to prove the notice ; but after a long examination in chief, he stated on his cross-examination, "that he was the executor of Jacob Winney, a stockholder in the bank of North America ; and was entitled to a share in the residuum of the testator's estate."

*152] *The defendant's counsel then objected to the competency of the witness, on account of his interest in the bank. They insisted, that although this appeared after a cross-examination, it was sufficient for the rejection of his evidence altogether ; and that, consequently, as there was no proof of notice, independent of his evidence, the plaintiff must be non-suited.

The Court concurring, clearly and explicitly, in the opinion of the defendant's counsel,

The plaintiff suffered a nonsuit.

———

withstanding such a sale. The question above stated was, however, presented to the supreme court, for the first time, for direct decision, in Willard v. Norris, 2 Rawle 56 ; and then it was held, that when land, subject to a mortgage, is sold under a judgment, obtained subsequently to the execution and recording of the mortgage, the purchaser at sheriff's sale takes the land discharged of the lien of the mortgage. This decision was received with astonishment by the profession, and alarm by the public ; and at the ensuing session of the legislature, bills were simultaneously introduced into both houses, to preserve the lien of a mortgage, notwithstanding a sale under a junior incumbrance ; subsequently, the act of 6th April 1830, was passed to that effect. Several decisions followed that in Willard v. Morris, sustaining and confirming it ; Mc-Lanahan v. Wyant, 1 P. & W. 96 ; Fickes v. Ersick, 2 Rawle 166 ; Presbyterian Corporation v. Wallace, 3 Id. 109 ; in this case, the principle was fully discussed, as *res integra ;* and the learned arguments of the counsel on both sides, and the elaborate and profound opinion of the court, present a complete disquisition on the subject. Notwithstanding the act of 1830, the lien of a mortgage may be divested by a sale under a junior incumbrance, if such be the agreement of the parties. Shultz v. Diehl, 2 P. & W. 273.[1]

(a) s. c. 2 Yeates 39.

[1] The decisions under the act of 1830, which are foreign to the point involved in Febeiger v. Craighead, will be found collected in Bright. Dig. 1103-4. And see 1 Tr. & H. Pr. § 1317-8.